**Opinion filed June 25, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00324-CR

_____

## SAMMY WAYNE EMERY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR32284**

### M E M O R A N D U M   O P I N I O N

The jury convicted Sammy Wayne Emery of the offense of felony driving while intoxicated, and the trial court assessed punishment at confinement for ten years. We affirm.

Appellant presents four points of error. In the first point, appellant challenges the legal and factual sufficiency of the evidence. In the second point, appellant contends that the State improperly struck at him over the shoulders of defense counsel. In the third point, appellant complains that, because of the lack of evidence to support his conviction, his due process rights were violated. In the final point, appellant complains of improper jury argument by the prosecutor.

We will apply the following well-recognized standards of review to appellant's sufficiency challenges. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

Appellant was charged with the offense of felony driving while intoxicated, having twice before been convicted of driving while intoxicated. TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon Supp. 2008). Appellant stipulated to the two prior DWI convictions that were alleged in the indictment. The remaining elements of the offense as charged were that appellant operated a motor vehicle in a public place while intoxicated by either (1) not having the normal use of mental or physical faculties by reason of the introduction of alcohol and/or other substances or (2) having an alcohol concentration of at least .08.

The record shows that Jerry Ray Murphy Jr. came upon the scene of a one-car accident shortly after it had occurred. The car was upside down near the intersection of two dirt roads. Murphy saw appellant climbing out of the driver's side of the car holding a beer. Appellant walked toward Murphy's truck, staggering and falling to his knees once. Murphy smelled alcohol on appellant's breath. Murphy testified that appellant appeared to be intoxicated at that time. Murphy noted that appellant's speech was slurred, that he smelled of alcohol, and that he was "wobbly" and "pretty well drunk." Appellant did not appear to be injured, and he told Murphy that he was okay.

According to Murphy, appellant said that he had been drinking while watching a pulling unit in the area and that he was going too fast to make the turn at the intersection. Appellant was the only person at the scene when Murphy arrived, and appellant told Murphy that nobody had been in the car with him.

By the time troopers arrived at the scene, appellant was gone. A friend had picked him up and taken him to the hospital. Trooper Wade Alan Dunn contacted appellant at the hospital – where

2

he was complaining of a shoulder injury – and obtained consent for a blood specimen. Trooper Dunn testified that appellant's speech was slurred, that he was incoherent and belligerent, and that he had a strong odor of alcoholic beverage on his breath. The blood sample, which was drawn more than two hours after the accident, contained .22 grams of alcohol per 100 milliliters.[1] Appellant told Trooper Dunn that he was not driving the vehicle at the time of the wreck and that he had not been drinking.

Trooper Jeffrey Ray Strain was dispatched to the scene of the wreck. He conducted an investigation and determined that there was no evidence to suggest that anybody other than appellant was in the vehicle at the time of the wreck.

We hold that the evidence is both legally and factually sufficient to show that appellant was driving the vehicle and that appellant was intoxicated at the time by not having the normal use of mental or physical faculties by reason of the introduction of alcohol or some other substance. Murphy's testimony about appellant's condition at the scene of the wreck and appellant's statements to Murphy are sufficient to support appellant's conviction for driving while intoxicated. The evidence supporting the verdict is not so weak that the verdict is clearly wrong and manifestly unjust, and the verdict is not against the great weight and preponderance of the conflicting evidence. Appellant's first point of error is overruled.

In his second point,[2] appellant argues that the State improperly struck at him over the shoulders of defense counsel when Murphy testified as follows during questioning by defense counsel:

> Q: Okay. And so if he had already seen someone else, and used the cell phone, he was already out of that vehicle, wasn't he?
>
> A: I don't know. I guess he was. But when I seen him, he was coming out of the vehicle.
>
> Q: Well, if he --

---

[1] We note that the record contains no evidence indicating what appellant's blood alcohol content may have been at the time of the wreck.

[2] We note that the State urges that this point was not preserved for review because appellant failed to request an instruction to disregard and because appellant failed to cite any supporting authority in his brief. We disagree. The issue was preserved by the trial court's overruling of appellant's objection or motion for mistrial. TEX. R. APP. P. 33.1(a). Furthermore, appellant's brief contains citations to cases from the Court of Criminal Appeals as proposed authority in support of his second point of error.

A:  I know what I seen.

Q:  I understand.

A:  So you can't switch it around on me.

At that point, defense counsel objected and requested a mistrial because the witness struck at appellant over counsel's shoulder.  The trial court responded, "Overruled."

Appellant relies on a line of cases holding that the State may not strike at a defendant over the shoulders of his counsel.  *See Wilson v. State*, 938 S.W.2d 57, 60 (Tex. Crim. App. 1996), *aborgated on other grounds by Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002); *Fuentes v. State*, 664 S.W.2d 333 (Tex. Crim. App. 1984).  This line of cases involves comments made by the prosecutor, not a witness, and are not dispositive of the issue in the present case.  We cannot hold that Murphy's testimony, which occurred during cross-examination by defense counsel, constituted an impermissible strike by the State at appellant over the shoulders of defense counsel.  Appellant's second point of error is overruled.

In his third point, appellant asserts that he was denied the right to due process of law because of the lack of evidence to support his conviction.  We disagree.  Pursuant to the Due Process Clause of the Fourteenth Amendment, no person may be convicted of a criminal offense and denied his liberty unless his criminal responsibility for the offense is proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. 358, 364 (1970); *Alvarado v. State*, 912 S.W.2d 199, 206-07 (Tex. Crim. App. 1995).  As addressed in the first point of error, appellant's conviction is supported by both legally and factually sufficient evidence.  Accordingly, we hold that the offense was proved beyond a reasonable doubt and that appellant received due process.  The third point of error is overruled.

In his final point, appellant complains of improper jury argument.  There are four categories of proper jury argument: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to the arguments of opposing counsel, and (4) pleas for law enforcement.  *Cantu v. State*, 842 S.W.2d 667, 690 (Tex. Crim. App. 1992). During closing argument, the prosecutor stated:

[A]nd he was intoxicated when he had the accident.  And through his own mouth, he tells Mr. Murphy.  And Mr. Murphy says he has seen intoxicated people before.  I believe him.

What I believe doesn't matter, though.  It's what you end up believing.

4

Defense counsel then objected to the prosecutor vouching for the credibility of Murphy and immediately requested a mistrial. The trial court denied the motion for mistrial without ruling on the objection.

Because appellant did not obtain a ruling on his objection and because he did not request an instruction to disregard, the scope of appellate review is limited to the question of whether the trial court erred in not granting a mistrial. *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004). An error that could have been prevented by a timely objection or cured by an instruction to the jury will not require reversal on appeal when these lesser remedies were not requested in the trial court. *Id.* Although it is generally error for the prosecutor to vouch personally for the honesty or truthfulness of a witness, such error may be cured by an instruction to disregard if the remarks were not so inflammatory as to overcome the jury's ability to disregard them. *Gardner v. State*, 730 S.W.2d 675, 698 (Tex. Crim. App. 1987). We hold that any error in the prosecutor's comment in this case could have been cured by an instruction to disregard. *See id.* Thus, the trial court did not err in refusing to grant a mistrial. Further, we note that the prosecutor also explained to the jury that his beliefs were immaterial and that what mattered was what the jury believed. The fourth point of error is overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

June 25, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.